# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

|  |  |  |
|---|---|---|
| Plaintiff, | : | Case No. 3:76-cr-15<br>also 3:05-cv-414 |
|  |  | District Judge Walter Herbert Rice |
| -vs- |  | Chief Magistrate Judge Michael R. Merz |
|  | : |  |

TERRY GALLAGHER,

Defendant.

---

## REPORT AND RECOMMENDATIONS

---

This case is before the Court for initial review under Rule 4 of the Rules Governing §2255

Motions upon Defendant's filing of a §2255 Motion regarding his conviction in the above-captioned

case.

As he recites in the Motion, Petitioner was convicted in April, 1976.  He placed his §2255

Motion in the prison mailing system on November 27, 2005, which counts as the date of filing under

the prison mailbox rule.  *Houston v. Lack,* 487 U.S. 266, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988).

28 U.S.C. §2255 provides in part:

> A 1-year period of limitation shall apply to a motion under this
> section.  The limitation period shall run from the latest of —
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by
> governmental action in violation of the Constitution or laws of the
> United States is removed, if the movant was prevented from making
> such a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by

the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A district court may dismiss a habeas petition *sua sponte* on limitations ground when conducting an initial review under Rule 4 of the Rules Governing §2255 Cases.  *Scott v. Collins*, 286 F. 3d 923 (6th Cir. 2002).

Prior to adoption of the AEDPA on April 24, 1996, there had never been a statute of limitations on motions to vacate under §2255  Thus a defendant could file at any time.  In passing the AEDPA, Congress did not adopt a grace period during which claims which had accrued more than a year prior to April 24, 1996, could be filed.  The absence of such a grace period would have rendered the new statute of limitations unconstitutional as to any claims which accrued before April 24, 1996.  *Block v. North Dakota,* 461 U.S. 273, 286 at n. 23, 103 S. Ct. 1811, 75 L. Ed. 2d 840 (1983); *Texaco, Inc., v. Short,* 454 U.S. 516, 527 at n. 21, 102 S. Ct. 781, 70 L. Ed. 2d 738 (1982), *quoting Wilson v. Iseminger,* 185 U.S. 55, 22 S. Ct. 573, 46 L. Ed. 804 (1902); *Terry v. Anderson*, 95 U.S. 628, 24 L. Ed. 365 (1877); *Sohn v. Waterson*, 84 U.S. 596, 21 L. Ed. 737 (1873).  Therefore, no motion filed on or before April 24, 1997 — one year from the date of AEDPA's enactment — may be dismissed for failure to comply with the new time limit.  *Brown v. O'Dea,* 183 F. 3d 572 (6th Cir. 1999)(habeas corpus claims under §2254); *United States v. Lopez*, 100 F. 3d 113, 116-17 (10th Cir. 1996)(§2255 motions).

In this case the conviction became final sometime long before April 24, 1996, so the one-year statute began to run on that date and expired on April 24, 1997.  Because Mr. Gallagher did not file his Motion under November 27, 2005, more than nine years after the statute began to run, it is

barred by the statute of limitations.

Accordingly, it is respectfully recommended that the Motion be denied with prejudice as barred by the statute of limitations. Because reasonable jurists would not disagree with this conclusion, Mr. Gallagher should be denied a certificate of appealability and any request to appeal *in forma pauperis*.

December 7, 2005.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

H:\DOCS\Gallagher 1976 2255 01.wpd