## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

               Plaintiff,            :          Case No. 3:76-cr-15
                                                        also 3:05-cv-414

                                                    District Judge Walter Herbert Rice
        -vs-                             Chief Magistrate Judge Michael R. Merz
                              :

TERRY GALLAGHER,

               Defendant.

---

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

---

This case is before the Court on Defendant's Objections (Doc. No. 4) to the Magistrate Judge's Report and Recommendations (Doc. No. 3) recommending that Defendant's §2255 Motion be dismissed as barred by the one-year statute of limitations for such motions adopted as part of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") in 1996.  The General Order of Reference for the Dayton location of court permits the Magistrate Judge to reconsider decisions or reports and recommendations when objections are filed.

As he recites in the Motion, Petitioner was convicted in April, 1976, and constructively filed his §2255 Motion on November 27, 2005.  Since there was no statute of limitations on such motions prior to the AEDPA, the time before its enactment does not count against him.  However, the time began to run when the statute was adopted and expired on April 24, 1997.

Mr. Gallagher now objects, saying that he only learned the facts and legal issues after being transferred to U.S.P. McCreary by the Bureau of Prisons.

Mr. Gallagher's sole claim in this case is that Judge Rubin did not follow proper procedure

in accepting Mr. Gallagher's waiver of counsel in the trial of the prior case. Certainly any facts about what Judge Rubin did were known to Mr. Gallagher at the time the prior case was tried. He claims he only learned the law with respect to those facts now because U.S.P. McCreary has inmate computer research whereas the other prisons and jails he has been in since 1976 only had books for research. He claims therefore that he used due diligence in preparing his claim.

While the Sixth Circuit recognizes that the AEDPA statute of limitations can be equitably tolled, it is hard to imagine a less compelling case for equitable tolling. No appellate court has ever suggested that a prisoner could forego book research and wait until he was in a prison with inmate computer research to begin preparing his § 2255 case. To so hold would completely gut the statute of limitations. Even if he needed computerized legal research, Mr. Gallagher offers no explanation why he did not use it to prepare his Motion during the time he was released on parole.

Accordingly, it is again respectfully recommended that the Motion be denied with prejudice as barred by the statute of limitations. Because reasonable jurists would not disagree with this conclusion, Mr. Gallagher should be denied a certificate of appealability and any request to appeal *in forma pauperis*.

December 22, 2005.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for

the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

H:\DOCS\Gallagher 1976 2255 02.wpd